IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISIAH TRUJILLO,

    Petitioner,

v.                                                                                         CV No. 19-584 KWR/CG

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, et al.,

    Respondents.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Petitioner Isiah Trujillo's *Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (the "Original Petition"), (Doc. 1), filed June 24, 2019; his *Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (the "First Amended Petition"), (Doc. 4), filed September 3, 2019; his *Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (the "Second Amended Petition," or the "Petition"), (Doc. 11), filed July 27, 2020; and Respondents' *Answer to Isiah Trujillo's* Pro Se *Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Docs. 1, 4 and 11]* (the "Answer"), (Doc. 16), filed October 2, 2020. Having reviewed the Petitions and the Answer, and determining only some of Mr. Trujillo's claims have been exhausted, the Court will direct Mr. Trujillo to show cause how he wishes to proceed in this matter.

### I. Background

On January 18, 2017, a jury found Mr. Trujillo guilty of three counts of second-degree criminal sexual penetration of a minor, eight counts of second-degree criminal sexual contact of a minor, and four counts of fourth-degree criminal sexual contact of a minor. (Doc. 16-1 at 1-6). The Fifth Judicial District Court in Eddy County (the "state trial

court") sentenced Mr. Trujillo to sixty years of imprisonment followed by five to twenty years of probation. *Id.* at 6. Mr. Trujillo appealed, and the New Mexico Court of Appeals (the "state court of appeals") affirmed. *Id.* at 79. Mr. Trujillo filed a petition for a writ of certiorari, which the New Mexico Supreme Court (the "state supreme court") denied, affirming his conviction. *Id.* at 103. Around the same time, Mr. Trujillo also filed three different *pro se* petitions for a writ of mandamus, as well as various *pro se* motions, separate from his direct appeal. (Doc. 16 at 5-6); (Doc. 16-1 at 81-237). The state courts denied his *pro se* petitions and motions. (Doc. 16-1 at 132, 203, 225). He then filed the instant 28 U.S.C. § 2254 petition ("Petition" or "§ 2254 petition"). (Doc. 1). Mr. Trujillo now appears before this Court *pro se. Id.*

## II. Mr. Trujillo's Section 2254 Claims

Mr. Trujillo filed his Original Petition seeking federal habeas relief pursuant to 28 U.S.C. § 2254 ("§ 2254") on June 24, 2019. (Doc. 1). In his Second Amended Petition, (Doc. 11), he asks the Court to vacate his state court sentence on four grounds: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) abuse of discretion by the state district judge; and (4) that the "Supreme Court of New Mexico gave with one hand and took with the other." (Doc. 11 at 5-10). This Court construes ground four as a challenge to the state court denials of Mr. Trujillo's *pro se* petitions for a writ of mandamus, as well as several *pro se* motions filed separately from his direct appeal. (Doc. 11 at 10); (Doc. 16-1 at 132, 203, 225).

Respondents contend in their Answer that Mr. Trujillo has not exhausted his second and fourth grounds for relief, nor his third except to the extent that he objects to the state district judge's exclusion of expert testimony from Nurse Practitioner ("NP") Jackie Lardie. (Doc. 16 at 7-9). Respondents therefore argue grounds two and four

should be dismissed with prejudice, and that the parts of ground three which have not been exhausted should be dismissed with prejudice. *Id.* at 11.

### III. Analysis

Mr. Trujillo filed his Petition after April 24, 1996, and thus the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the Court's review. Generally, federal courts cannot grant relief from a state conviction unless the petitioner has first sought relief from the state court. 28 U.S.C. § 2254(b)(1). Based on principles of comity, federal courts should defer action on a state case until the state court has a full opportunity to review all claims of constitutional error. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). An individual may exhaust his claims at the state court level by either presenting his arguments on direct appeal or through collateral review. *See*, *e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Banks v. Dretke*, 540 U.S. 668, 690 (2004). Additionally, an individual must plead his claim with specificity, to adequately apprise the state courts of the presence of his federal claim. *Baldwin v. Reese*, 541 U.S. 27, 31-33 (2004). Indeed, both the allegations and the supporting evidence must "provide the state courts 'a fair opportunity' to apply controlling legal principles to the facts bearing upon [the] constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

   a. *Ground One: Ineffective Assistance of Counsel*

First, Mr. Trujillo argues that his counsel was ineffective. Specifically, he argues that his attorney Mr. Orin Nathaniel failed to properly investigate the case, identify witnesses, obtain relevant documents, challenge the constitutionality of his *Miranda* waiver, qualify an expert witness at trial, or prepare for trial. (Doc. 11 at 5). Respondents concede this argument has been fully exhausted at the state court level, as Mr. Trujillo raised ineffective assistance of counsel in his petition for writ of certiorari filed in the

3

course of his direct appeal. (Doc. 16 at 7); (Doc. 16-1 at 90). As such, the Court finds ground one in Mr. Trujillo's Petition—the issue of ineffective assistance of counsel—has been properly exhausted in state court.

### b. *Ground Two: Prosecutorial Misconduct*

Mr. Trujillo argues, in ground two, that there was prosecutorial misconduct. (Doc. 11 at 7). Specifically, he alleges the "D.A. knew or should have known" the interview conducted by the Carlsbad Police Department was unconstitutional, based on his mental state during the interview, and thus the prosecutor's failure to do anything about it was prosecutorial misconduct. *Id.* He further alleges that the prosecutor's decision to call Detective Allan Sanchez to testify, and her alleged decision to alter the meaning of elements of the crime, also constituted misconduct. *Id.* Respondents contend that Mr. Trujillo is raising the claim of prosecutorial misconduct for the first time here, and the claim thus remains unexhausted.

It appears Mr. Trujillo is arguing that the prosecutor's purported failure to intervene in the interview, her failure to later disclose alleged constitutional problems with the interview, and her introduction of the interview at trial amounted to prosecutorial misconduct. *See Garrett v. Selby, Connor, Maddux, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (instructing courts to excuse a pro se litigant's "confusion of various legal theories" to afford their arguments liberal construction). Respondents allege, however, that Mr. Trujillo did not raise the issue of prosecutorial misconduct before the New Mexico Supreme Court. (Doc. 16 at 9). The Court agrees. (Doc. 16-1 at 90).

These claims therefore did not undergo full state court exhaustion. *See O'Sullivan*, 526 U.S. at 845 ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete*

4

*round* of the State's established appellate review process.") (emphasis added). As such, the Court finds ground two has not been exhausted at the state court level.

    c.  <u>Ground Three: Abuse of Judicial Discretion</u>

As to ground three, Mr. Trujillo claims that the state district judge abused her discretion. (Doc. 11 at 8). Specifically, Mr. Trujillo alleges, first, that the state district judge erroneously prohibited NP Lardie from testifying about Mr. Trujillo's "condition during the . . . illegal interrogation." *Id.* He asserts, second, that the state district judge erroneously "allowed the D.A. to change the meaning of the element[s] of the charge(s)," and, third, that she made rulings "that were clearly unreasonable, erroneous and outright denying Petitioner's motions for discovery which were arbitrary and not justified based on applicable law." *Id.*

In their Answer, Respondents contend that Mr. Trujillo failed to raise the second and third arguments listed above in his direct appeal, but instead "launched these attacks in his *Pro-Se Petition for Writ of Mandamus in Exercise of Superintending Control and Other Functions and Actions.*" (Doc. 16 at 8). Respondents thus argue that Mr. Trujillo's decision to raise these two arguments for the first time in his petition for a writ of mandamus renders them unexhausted. *Id.*

Indeed, in his state court appeal Mr. Trujillo failed to raise the second argument, the state district judge's alleged decision to allow the prosecutor to "change the meaning of the element of the charge(s)." (Doc. 11 at 8); (Doc. 16-1 at 90). Mr. Trujillo also failed to raise the third argument, the state district judge's discovery rulings, in his state court appeal. (Doc. 16-1 at 90).

As Respondents rightly contend, raising issues anew in a state court writ of mandamus does not exhaust state court remedies. (Doc. 16 at 8); *see Edmiston v.*

5

*Colorado*, 158 Fed. App'x 980 (10th Cir. 2005). Put differently, a federal habeas petitioner does not satisfy the exhaustion requirements when he bypasses the normal course of review in favor of extraordinary relief. *See Pinkey v. Ortiz*, 213 Fed. App'x 678, 679-80 (10th Cir. 2007). As such, the Court finds the second and third arguments in support of ground three have not been exhausted at the state court level.

However, Respondents concede that in his state court proceeding, Mr. Trujillo did assert the first argument, that the state district judge erred by failing to admit expert testimony from NP Lardie. (Doc. 16 at 9). Indeed, Mr. Trujillo raised this issue in his petition for a writ of certiorari to the state court of appeals. (Doc. 16-1 at 90). The Court therefore finds that the first argument in support of ground three has been exhausted at the state court level.

### d. Ground Four: Denial of his Petitions for Mandamus and pro se motions

Finally, Mr. Trujillo claims that the "Supreme Court of New Mexico gave with one hand and took with the other." (Doc. 11 at 10). This claim appears to challenge the state court denials of his petitions for a writ of mandamus, as well as several *pro se* motions, which he filed after his conviction and separate from his direct appeal. (Doc. 16 at 5-6). Respondents contend that Mr. Trujillo is raising this claim for the first time in this federal habeas petition, and that it thus remains unexhausted. *Id.* at 9.

As an initial matter, Mr. Trujillo filed these motions after he was convicted in state court. *Id.* at 5. His challenge to these rulings is therefore not cognizable in a federal habeas proceeding. *See Silva v. Bravo, et al.*, 1:08-cv-431 WJ/KBM, 2009 WL 10708915, *4 (D.N.M. Feb. 9, 2009) (citing *U.S. v. Dago*, 441 F.3d 1238, 1248-49 (10th Cir. 2006)). In any event, Mr. Trujillo is challenging these post-conviction decisions for

the first time in his habeas Petition. *See* (Doc. 16-1). As such, the Court finds that ground four of Mr. Trujillo's Petition has not been exhausted at the state court level.

### IV. Conclusion

In determining only some of Mr. Trujillo's claims have been exhausted, the Court will direct Mr. Trujillo to show cause how he wishes to proceed in this matter. Specifically, when an individual has not exhausted his claims in state court, the federal court may do one of the following:

(1) dismiss the petition in its entirety without prejudice, allowing the litigant to exhaust state court remedies and refile his federal habeas petition at a later date;

(2) stay the petition and hold it in abeyance while the litigant returns to state court to exhaust his claims;

(3) allow the litigant to dismiss the unexhausted claims and proceed with only the exhausted claims; or

(4) ignore the exhaustion requirement and deny the petition on the merits if none of the litigant's claims have any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).

Option four is the least favorable option for Mr. Trujillo. Under option four, the Court may ignore the exhaustion requirement and deny the petition on the merits, if none of the litigant's claims have any merit. If the Court were to deny Mr. Trujillo's petition under option four, he would not be able to re-file his petition based on the same claims.

Under option one, the option where Mr. Trujillo dismisses his Petition without prejudice in order to pursue exhaustion in state court, any later request by Mr. Trujillo for this Court to review his state court conviction will likely be barred by time limits. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (explaining that an application for federal habeas review does not toll the limitations period for any subsequent petition).

The approach under option two, staying this case while Mr. Trujillo returns to state court to exhaust his unexhausted claims, is generally "disfavored," and very rarely afforded to litigants absent evidence of good cause. *See Fairchild*, 579 F.3d at 1152-53.

With these considerations, Mr. Trujillo's most effective strategy to receive relief before this Court is to proceed under option three, choosing to dismiss his unexhausted claims without prejudice. Under this option, Mr. Trujillo would choose to proceed on the merits of ground one, ineffective assistance of counsel, and argument one of ground three, which is that the state district judge erred by failing to admit expert testimony from NP Lardie in his state court proceeding.

**IT IS THEREFORE ORDERED** that Mr. Trujillo is directed to show cause regarding how he would like to proceed under the options available. Mr. Trujillo's Response to the Court's Order to Show Cause is due no later than **November 30, 2020**. If Mr. Trujillo does not timely respond to this Order, the Court may dismiss his Petition without prejudice.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE