**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ISIAH TRUJILLO,

    Petitioner,

v.                                                              CV No. 19-584 KWR/CG

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, et al.,

    Respondents.

## **SECOND ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court on the Court's *Order to Show Cause* (the "Order"), (Doc. 17), filed October 30, 2020; Mr. Trujillo's *Notice to Reply to Order to Show Cause* (the "Notice"), (Doc. 19), filed November 12, 2020; and Mr. Trujillo's *Response to Order to Show Cause* (the "Response"), (Doc. 20), filed December 3, 2020.

In the Court's Order, the Court directed Mr. Trujillo to show cause how he wishes to proceed in this matter, given the unexhausted claims in his § 2254 Petition. (Doc. 17 at 7-8). The Court further provided Mr. Trujillo four possible options from which to select his path forward. *Id.* at 7. In his Response, Mr. Trujillo does not indicate how he wishes to proceed in this matter from the four available options, and instead he again argues he has properly exhausted all his claims. (Doc. 20 at 5). The Court, therefore, directs Mr. Trujillo to show cause how he wishes to proceed in this matter.

As the Court previously explained in the Order, when an individual has not exhausted his claims in state court, the federal court may do one of the following:

    (1) dismiss the petition in its entirety without prejudice, allowing the litigant to exhaust state court remedies and refile his federal habeas petition at a later date;

    (2) stay the petition and hold it in abeyance while the litigant returns to state court to exhaust his claims;

    (3) allow the litigant to dismiss the unexhausted claims and proceed with only the exhausted claims; or

    (4) ignore the exhaustion requirement and deny the petition on the merits if none of the litigant's claims have any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).

    Option four is the least favorable option for Mr. Trujillo. Under option four, the Court may ignore the exhaustion requirement and deny the petition on the merits, if none of the litigant's claims have any merit. If the Court were to deny Mr. Trujillo's petition under option four, he would not be able to re-file his petition based on the same claims.

    Under option one, the option where Mr. Trujillo dismisses his Petition without prejudice in order to pursue exhaustion in state court, any later request by Mr. Trujillo for this Court to review his state court conviction will likely be barred by time limits. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (explaining that an application for federal habeas review does not toll the limitations period for any subsequent petition).

    The approach under option two, staying this case while Mr. Trujillo returns to state court to exhaust his unexhausted claims, is generally "disfavored," and very rarely afforded to litigants absent evidence of good cause. *See Fairchild*, 579 F.3d at 1152-53.

With these considerations, Mr. Trujillo's most effective strategy to receive relief before this Court is to proceed under option three, choosing to dismiss his unexhausted claims without prejudice. Under this option, Mr. Trujillo would choose to proceed on the merits of ground one, ineffective assistance of counsel, and argument one of ground three, which is that the state district judge erred by failing to admit expert testimony from NP Lardie in his state court proceeding.

**IT IS THEREFORE ORDERED** that Mr. Trujillo is directed to show cause regarding how he would like to proceed *under the options available*. Mr. Trujillo's Response to the Court's Second Order to Show Cause is due no later than **February 1, 2021**. If Mr. Trujillo does not timely respond to this Order, the Court may dismiss his Petition without prejudice.

**IT IS FURTHER ORDERED** that, to the extent Mr. Trujillo's Response, (Doc. 20), constitutes a motion to reconsider, the motion is **DENIED**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE