**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ISIAH TRUJILLO,

    Petitioner,

v.                                                                                         No. 2:19-cv-00584-KWR-CG

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, et al.,

    Respondents.

## ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Chief Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* (the "PFRD"), (Doc. 27), filed March 29, 2021; and Petitioner Isiah Trujillo's *Objections to the PF&RD*, (the "Objections"), (Doc. 28), filed April 19, 2021. In the PFRD, the Chief Magistrate Judge recommended that the Court deny Mr. Trujillo's *Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody* (the "Petition"), (Doc. 1); his *Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody* (the "First Amended Petition"), (Doc. 4); and his *Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody* (the "Second Amended Petition"), (Doc. 11), (collectively, the "Petitions"). (Doc. 27 at 17-18). The Chief Magistrate Judge further recommended that Mr. Trujillo's *Response to the Second Order to Show Cause* (the "Show Cause Response"), (Doc. 22), requesting an evidentiary hearing and the appointment of counsel, be denied. *Id.* The parties were informed that objections to the PFRD were due within fourteen days of the date the PFRD was filed. *Id.* at 18. Mr. Trujillo timely filed his objections to the PFRD on April 19,

2021. (Doc. 28). Respondents did not respond to Mr. Trujillo's objections, and the time for doing so has passed. *See* Rule 12 of the Rules Governing Section 2254 Proceedings in the United States District Courts; Fed. R. Civ. P. 72(b)(2).

Following a *de novo* review of the Petitions, the Show Cause Response, the PFRD, and Mr. Trujllo's Objections, the Court will overrule the objections, adopt the PFRD, and **DENY** the Petitions and the Show Cause Response with prejudice.

**I.      Background**

This case stems from Mr. Trujillo's conviction for sexually abusing his minor stepdaughter. *See* (Doc. 26-1 at 1-4, 28-34). On May 26, 2015, Carlsbad Police Department Detective Allen Sanchez interviewed Mr. Trujillo at the Carlsbad Police Department. (Doc. 26-2 at 110). During the interview, Mr. Trujillo admitted the sexual abuse and described it in detail. *Id.* at 111-13. Thereafter, on July 13, 2015, Mr. Trujillo was charged with fifteen counts in total of second-degree criminal sexual penetration, second-degree criminal sexual contact of a minor, and fourth-degree criminal sexual contact of a minor. (Doc. 26-1 at 1-4).

Prior to trial, Mr. Trujillo's attorney disclosed the defense's witness list, which included Mr. Trujillo's former primary care provider, Jackie Lardie, FNP-BC. (Doc. 26 at 3). Mr. Trujillo's attorney further disclosed a letter from Nurse Lardie, dated August 29, 2016, in which she described Mr. Trujillo's medical history, and opined that Mr. Trujillo "was mentally and emotionally impaired when questioned by police." (Doc. 26-1 at 10). The Fifth Judicial District Court, Eddie County (the "state trial court") granted the prosecution's motion to exclude Nurse Lardie's testimony regarding the effects of alcohol consumption on a diabetic, but permitted her to testify about Mr. Trujillo's

medications and her discussions with him about his alcohol consumption. (Doc. 26 at 3-4).

On January 18, 2017, a jury found Mr. Trujillo guilty on all fifteen counts charged: three counts of criminal sexual penetration in the second degree, NMSA 1978 § 30-9-11(E)(1); eight counts of criminal sexual contact of a minor in the second degree, NMSA 1978 § 30-9-13(B)(1); and four counts of criminal sexual contact of a minor in the fourth degree, NMSA 1978 § 30-9-13(D)(1). (Doc. 26-1 at 28-34). The state trial court sentenced Mr. Trujillo to sixty years of imprisonment followed by five to twenty years of probation. *Id.* at 33.

Mr. Trujillo appealed his conviction, and the New Mexico Court of Appeals (the "state court of appeals") affirmed. (Doc. 26-1 at 35, 71-76, 100-07). Mr. Trujillo petitioned the New Mexico Supreme Court (the "state supreme court") for a writ of certiorari, which the state supreme court denied. *Id.* at 116-29, 130-31. Mr. Trujillo did not pursue state collateral review; rather, he sought mandamus relief and filed various other *pro se* motions separate from his direct appeal, which the state courts denied. *See* (Doc. 26 at 4). Mr. Trujillo then filed this 28 U.S.C. § 2254 petition (the "Petition" or the "§ 2254 petition"). (Doc. 1); (Doc. 4); (Doc. 11). Mr. Trujillo now appears before this Court *pro se*. (Doc. 1); (Doc. 4); (Doc. 11).

In his Petitions, Mr. Trujillo raises two grounds for relief:[1] (1) ineffective assistance of trial counsel; and (2) error by the state trial court judge for excluding Nurse Lardie's expert testimony regarding the effects of alcohol consumption on a

---

[1] Mr. Trujillo initially raised four grounds for relief. *See* (Doc. 1); (Doc. 4); (Doc. 11).Thereafter, however, he moved to dismiss two of those grounds and part of one of the remaining grounds as unexhausted, which the Court granted. *See* (Doc. 17); (Doc. 22); (Doc. 24).

3

diabetic. (Doc. 1); (Doc. 4); (Doc. 11); (Doc. 24). Further, Mr. Trujillo requests an evidentiary hearing on these claims and the appointment of counsel. (Doc. 22 at 2). In response to the Petitions, Respondents concede that Mr. Trujillo has exhausted state court remedies as to the two remaining claims but argue the claims should be denied on the merits. (Doc. 26 at 5).

In the PFRD, the Chief Magistrate Judge considered Mr. Trujillo's claims, explaining that under 28 U.S.C. § 2254(d), Mr. Trujillo must show that the state courts' decisions were contrary to or an unreasonable application of clearly established federal law, or that they were unreasonable determinations of fact. (Doc. 27 at 6). The Chief Magistrate Judge ultimately found that the state courts' decisions were not contrary to or an unreasonable application of clearly established federal law, and did not result in unreasonable determinations of fact in light of the evidence presented. *Id.* at 7-17. Therefore, the Chief Magistrate Judge recommended that Mr. Trujillo's Petitions be denied. *Id.* at 17-18.

Mr. Trujillo has timely objected to the PFRD. (Doc. 28). He first objects to the Chief Magistrate Judge's finding that he did not suffer ineffective assistance of counsel when, among other things, his trial counsel failed to seek suppression of his confession. *Id.* at 6-15. Next, Mr. Trujillo objects to the Chief Magistrate Judge's finding that the state trial court did not err in precluding Nurse Lardie from testifying as an expert. *Id.* at 16-18.

**II.    Analysis**

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to

4

which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id.* at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

   A. <u>*The Ineffective Assistance of Counsel Claim*</u>

In his Objections, Mr. Trujillo first challenges the findings in the PFRD regarding his ineffective-assistance-of-counsel claim. *See* (Doc. 28). Specifically, he contends the Chief Magistrate Judge failed to consider the transcript of Detective Sanchez's interview of Mr. Trujillo's wife, which, according to Mr. Trujillo, shows Detective Sanchez knew Mr. Trujillo was unable to voluntarily, intelligently, and knowingly waive his *Miranda* rights. (Doc. 28 at 9, 16, 18-19). He argues that, when considering this piece of evidence, it becomes clear that his trial counsel rendered ineffective assistance by failing to seek suppression of his confession, and that the trial judge erred in excluding Nurse Lardie from offering expert testimony about his mental state at the time of his confession. *Id.*

This transcript, however, does not support Mr. Trujillo's position. In the transcript, in relevant part, Detective Sanchez states to Mr. Trujillo's wife, "You know, I don't know where [Mr. Trujillo's] mind is at and stuff, you know, I just gotta kinda go with it and let him talk and let him know that I'm trying to understand where he's coming from . . ." *Id.*

5

at 29. He made this statement to Mr. Trujillo's wife *after* his interview of Mr. Trujillo, in which Mr. Trujillo confessed to the underlying crimes at issue. *See* (Doc. 4 at 120); (Doc. 20 at 19); (Doc. 28 at 29). In context, it appears Detective Sanchez is not referring to Mr. Trujillo's mental capacity at the time of the confession. Rather, it appears that he is explaining to Mr. Trujillo's wife his own interviewing methods and techniques, and, specifically, his reasons for asking Mr. Trujillo certain questions.

In any event, the Chief Magistrate Judge explained that she considered "the totality of the circumstances in the record." (Doc. 27 at 11). The Chief Magistrate Judge's decision to not explicitly discuss or cite the transcript of Detective Sanchez's interview of Mr. Trujillo's wife does not suggest that she did not consider the transcript along with everything else in the record. The transcript sheds no light on whether Mr. Trujillo's *Miranda* waiver was constitutional; in other words, the transcript appears immaterial to the issue of Mr. Trujillo's mindset. Thus, any discussion of it in the PFRD would have been fruitless.

As set forth in the PFRD, the state court of appeals found "the record . . . insufficient to establish that trial counsel's allegedly unreasonable conduct prejudiced the defense in the sense required." (Doc. 27 at 12). The Chief Magistrate Judge found the state courts' decisions on the ineffective-assistance-of-counsel claim were not contrary to clearly established federal law and were not based on an unreasonable determination of the facts. *Id.* at 17. The Court agrees. As the Chief Magistrate Judge found, even if trial counsel's performance were deficient, the record does not show a reasonable probability that the outcome of Mr. Trujillo's trial would have changed if

counsel had filed a motion to suppress. *Id.* at 12 (citing *Neill v. Gibson*, 278 F.3d 1044, 1055 (10th Cir. 2001)).

A *Miranda* waiver is voluntary if it is "the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Moran v. Burbine,* 475 U.S. 412, 421 (1986); *see also Miranda v. Arizona,* 384 U.S. 436 (1966). A *Miranda* waiver must also be knowing and intelligent, meaning it must be made "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Colorado v. Spring*, 479 U.S. 564, 573 (1987).

Mr. Trujillo successfully drove his vehicle to the police station for the interview, and, once there, Detective Sanchez observed that his "speech was articulate," his "eyes were not bloodshot," and "he did not smell of any alcoholic beverage." (Doc. 26-2 at 111). Detective Sanchez read Mr. Trujillo his *Miranda* rights, reminded him several times that he was "not in custody[,]" and explained he could stop the interview at anytime. (Doc. 20 at 18); (Doc. 26-2 at 111). Mr. Trujillo told Detective Sanchez he understood his rights, and then he agreed to speak with him. *Id.* Mr. Trujillo proceeded to describe articulately and in great detail the facts of the crimes for which he was later charged, evincing a cogent mindset. *See* (Doc. 26-2 at 108-114); *see also* (Doc. 20 at 16-18). If he were intoxicated, as he maintains, he would have needed to be not merely intoxicated but "impaired to a substantial degree [by drugs or alcohol] to overcome his ability to knowingly and intelligently waive his privilege against self-incrimination." *See U.S. v. Burson*, 531 F.3d 1254, 1256-57 (10th Cir. 2008).

The record in totality does not show Mr. Trujillo's *Miranda* waiver was involuntary, not knowing, and not intelligent, and thus it does not show he would have suffered any

prejudice even if trial counsel's performance were deficient. The Court therefore overrules this objection.

### B. *The Abuse of Judicial Discretion Claim*

Next, Mr. Trujillo objects to the findings in the PFRD regarding his abuse-of-judicial-discretion claim. *See* (Doc. 28). He restates the argument presented in his Petitions and contends, as stated above, that the transcript of Detective Sanchez's interview with Ms. Trujillo makes it clear that his *Miranda* waiver was unconstitutional, and thus also makes clear that the trial judge erred in precluding Nurse Lardie from offering expert testimony about his mindset. *Id.* at 16-18.

The Chief Magistrate Judge explained, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Relief for an improper state court determination of state law is available only if the alleged error was "so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002) (bracket in original).

Mr. Trujillo's claim concerns a state law determination: the state trial court judge precluded Nurse Lardie from offering expert testimony as a sanction for trial counsel's violation of Rule 5-502(A)(3) NMRA. (Doc. 26 at 13). This decision rested in the sound discretion of the state trial court judge because it involved a state procedural rule. *See State v. McKinney*, No. 28,466, 2009 WL 6763616, at *2 (N.M. Ct. App., Feb. 9, 2009) (unreported). The record does not show that the state trial court judged erred. Moreover, as explained in the PFRD and above, the record does not show that Mr. Trujillo suffered the requisite prejudice as a result of the state trial court judge's

decision. The totality of the circumstances of his interview showed that his *Miranda* waiver was knowing and intelligent.

As the Chief Magistrate Judge explained, the state court of appeals rejected this claim on the merits, "conclud[ing] that the limitations imposed upon the witness' testimony constituted an appropriate corrective measure." (Doc. 27 at 16-17) (citing (Doc. 26-1 at 102)). Mr. Trujillo has failed to present clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *see also Wood v. Allen*, 558 U.S. 290, 293 (2010) ("[A] determination of a factual issue made by a State court [is] presumed to be correct and the petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.") (internal quotations omitted). Therefore, the Court overrules this objection.

### C. Mr. Trujillo's Request for an Evidentiary Hearing

Finally, Mr. Trujillo objects to the Chief Magistrate Judge's denial of his request for an evidentiary hearing, contending "there are witnesses and evidence that need[] further testimony to clearly show [his] constitutional right[s] were violated." (Doc. 28 at 19). In support, Mr. Trujillo cites *Townsend v. Sain*, 372 U.S. 293 (1963), and *Paine v. Massie*, 339 F.3d 1194 (10th Cir. 2003). *Id.* at 7, 19.

In order to receive an evidentiary hearing on a § 2254 petition, petitioners must diligently pursue their claims in state court. *Williams v. Taylor*, 529 U.S. 420, 432-38 (2000). Diligence typically requires that a petitioner, "at a minimum, seek an evidentiary hearing in state court." *Id.* at 437. If a petitioner was not diligent, he is not entitled to a hearing unless he can show one of two exceptions: (1) the claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

Court[;]" or (2) the claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence." *Id.*; § 2254(e)(2)(A)(i)-(ii); Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. § 2254. Mr. Trujillo's claims do not rest on a new rule of constitutional law or on a new factual basis. *See*, *e.g.*, (Doc. 28 at 3 ("[A]ll the evidence that will be used [in the Objections] ha[ve] in fact be[en] adjudicated on the record . . . before the state court.")). Rather, his claims rest on settled law and the facts presented to the state court. Accordingly, neither exception applies here.

Although Mr. Trujillo states that he diligently pursued an evidentiary hearing in state court, an evidentiary hearing before this Court is unwarranted. *See id.* at 5. On the record that was before the state courts, Mr. Trujillo has failed to show that the state courts' decisions were contrary to, or involved in an unreasonable application of, clearly established federal law. *See Cullen v. Pinholster*, 563 U.S. 170 (2011); *Calvert v. Dinwiddie*, 461 Fed.Appx. 729, 736 (10th Cir. 2012) (unpublished). The Court will thus overrule this objection.

### III.    Conclusion

For the foregoing reasons, the Court finds that the Chief Magistrate Judge conducted the proper analysis and correctly concluded that the state courts' decisions were not contrary to or unreasonable applications of clearly established federal law, or that resulted in an unreasonable determination of facts in light of the evidence presented. Therefore, Mr. Trujillo's Objections are overruled.

**IT IS THEREFORE ORDERED** that Mr. Trujillo's *Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody*, (Doc. 1), *Amended Petition*

under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, (Doc. 4), and *Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody*, (Doc. 11), are **DENIED**, that his *Response to Second Order to Show Cause*, (Doc. 22), requesting an evidentiary hearing and the appointment of counsel is **DENIED**, and that this case is **DISMISSED WITH PREJUDICE**.

                                  **HONORABLE KEA W. RIGGS**
                                  **UNITED STATES DISTRICT JUDGE**